IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| MERWITZ | : : | Removed from the Court of Common Pleas |
| v. | : : | |
| ALLIS CHALMERS CORP., et al. | : : : | E.D. PA Case No. 12-02317 |

**O R D E R**

**AND NOW**, this **27th** day of **November, 2012**, it is hereby **ORDERED** that the motion to remand of Plaintiffs (ECF No.) is **GRANTED**.[1]

---

[1]  Plaintiff argues that the removal of this case to federal court by Defendant General Electric Company ("GE") was untimely, and therefore the Court must grant Plaintiff's motion to remand. Pl.'s Mot. Remand at 1, Merwitz v. Allis Chalmers Corp., et al., No. 12-02317 (E.D. Pa. May 25, 2012), ECF No. 2 [hereinafter "Mot. Remand"].

I.   **BACKGROUND**

Plaintiff filed her complaint in the Court of Common Pleas on November 11, 2010, claiming that Plaintiff's decedent worked at the Philadelphia Navy Yard ("Navy Yard") on several Navy ships, and alleging that GE manufactured asbestos-containing products which were used aboard those vessels and handled by Plaintiff's decedent. Id. at 2.

Extensive discovery was conducted in state court. Plaintiff's answer to GE's Interrogatory No. 36 stated specifically that Plaintiff's decedent "worked aboard the USS Saratoga, the USS Shangri-la, the USS New Orleans, and the USS Chilton" while employed by the Navy Yard. Plaintiff's answer to GE's Interrogatory No. 89 listed Plaintiff's witnesses and their proposed testimony, and included descriptions such as: "Joseph Benckert . . . worked with Plaintiff at the [Navy Yard] from 1966

1

until 1970 as a Shipfitter. Mr. Benckert worked alongside Plaintiff on the USS Saratoga. Mr. Benckert was exposed to asbestos pipecovering and insulation in the boiler rooms, rolls of asbestos cloth in various places on the ship, and equipment and machinery throughout the ship." See Mot. Remand Ex. C. Additionally, on or about December 7, 2011, Plaintiff sent GE a CD containing more than 5,000 documents, including an internal memorandum from 1956 that stated that the USS Saratoga "is driven by four geared turbine units. Each main propulsion plant, of General Electric manufacture, is composed of a combination of high-intermediate pressure turbine and a low pressure turbine . . . ." Another memorandum on the CD contained sketches of where to place GE products on the USS Saratoga, including the main propulsion turbine and cross-over pipe. See Mot. Remand Exs. E, F. Additionally, a Navy Service Plan Register describes the visits that GE representatives made to certain Navy ships, including the Chilton and the Saratoga, because GE products were present on those ships. See Mot. Remand Ex. G.

Following discovery, GE filed a motion for summary judgment in state court, which Plaintiff opposed on or about March 29, 2012. In her response, Plaintiff included an affidavit from a product identification witness, Mr. Joseph Benckert. Mot. Remand at 1-2.

GE contends that the Benckert affidavit was the first paper from which it could determine that the case was removable based on the government contractor defense under 28 U.S.C. § 1446(b). Def.'s Br. in Opp. to Pl.'s Mot. Remand at 16, Merwitz v. Allis Chalmers Corp., et al., No. 12-02317 (E.D. Pa. May 25, 2012), ECF No. 6 [hereinafter "Def. Br."]. Mr. Benckert had affirmed that "I and . . . [decedent], had direct exposure to, and breathed in the asbestos of, the asbestos-containing electric motors, turbines, generators and machinery manufactured by General Electric Company . . . on a daily basis throughout our employment on the USS Saratoga . . . ." Def. Br. Ex. E. GE received the affidavit on or about March 29, 2012, well after discovery had ended, and GE filed a notice of removal on April 27, 2012.

## II. LEGAL STANDARD

The timeliness of removal is an issue of federal law. In the context of a multidistrict litigation case, issues of federal law are governed by the law of the circuit in which the MDL court sits. In Re: Asbestos Prods. Liab. Litig. (Oil Field

2

Cases), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009) (Robreno, J.)("[I]n cases where jurisdiction is based on federal question, this Court, as the transferee court, will apply federal law as interpreted by the Third Circuit."). Therefore, the Court will apply Third Circuit precedent to determine whether or not Defendant's notice of removal was timely.

The federal officer removal statute provides that a notice of removal must be filed within thirty days of a defendant's receipt of the initial pleading or, "[i]f the case stated by the initial pleading is not removable," within thirty days after the defendant's receipt of "an amended pleading, motion, order, or other paper from which it may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(a)(1). The first thirty-day window for removal is only triggered when "the four corners of the pleading . . . informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present." Foster v. Mutual Fire Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir.1993) rev'd on other grounds, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). In Foster, the Third Circuit established that the analysis for determining whether the four corners of the pleading is sufficient is an objective one: "the issue is not what the defendant knew, but what the relevant document said." Id.

In Barnes v. Various Defendants, 770 F. Supp. 2d 736 (E.D. Pa. 2011) (Robreno, J.), this Court held that a plaintiff's statement that he was employed at a Naval Shipyard and exposed to asbestos there, at his home, and at a private business was insufficient to establish the existence of a federal defense to a "substantial degree of specificity" as required by Foster. Because the complaint in Barnes did not connect the defendant's product to the federal work site, it did not show the nexus between the Plaintiffs' claims and the Defendant's action under the color of a federal office. Barnes, 770 F. Supp. 2d at 740.

### III. PLAINTIFF'S MOTION TO REMAND

GE would have been informed, to a substantial degree of specificity, no later than on or about December 7, 2011, that Plaintiff's claims were removable. By that time, GE had read the allegations in Plaintiff's complaint, and Plaintiff had furnished GE with the list of which ships decedent had worked on. GE had also received Plaintiff's witness list and proposed witness testimony, including the proposed testimony of Mr. Benckert, who

3

The case shall be remanded to the Court of Common Pleas.

**IT IS SO ORDERED.**

_____
Eduardo C. Robreno, J.

ENTERED
NOV 28 2012
CLERK OF COURT

---

was to testify that he worked alongside decedent on the USS Saratoga, and had been exposed to asbestos in the boiler rooms of that ship. Tying that testimony to GE's products, specifically, were the documents that Plaintiff furnished to GE on or about December 7, 2011, which indicated, for example, that the USS Saratoga was powered by GE turbine units.

This case is distinguishable from <u>Barnes</u> in that the plaintiff in <u>Barnes</u> had failed to at all connect the defendant's product to a federal worksite. Here, Plaintiff connects GE's products to the federal worksite (that is, the Navy ships) where Plaintiff worked in the boiler rooms, among other places, and where he allegedly breathed in asbestos while working on or near GE's products.

Because GE did not file a notice of removal until April 27, 2012, clearly more than thirty (30) days after December 7, 2011, their notice of removal was untimely filed.